UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMANUEL L. WILLIAMS, SR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-848-CCB-SJF |

**OPINION AND ORDER**

Emanual L. Williams, Sr., a prisoner without a lawyer, filed a complaint naming eight defendants and seeking monetary compensation and unspecified "injunctive relief." ECF 2 at 9. The complaint was docketed on October 7, 2025, but the events at issue occurred more than a year before that—between June 12, 2024, and October 11, 2024. *Id*. at 1. Williams was granted leave to proceed in forma pauperis and assessed $4.83 as required by 28 U.S.C. § 1915(b). ECF 3. The complaint is not ripe for screening because he has not yet paid the initial partial filing fee. *See, e.g., Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) ("[T]he statutory formula therefore required him to prepay part of the filing fee before the district court considered the merits of the case in any fashion."); *Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996) (initial partial filing fee required before appellate review); *see also Teague v. Mayo*, 553 F.3d 1068, 1071 (7th Cir. 2009) (discussing *Martin*'s applicability to district court screenings under 28 U.S.C. § 1915A).

Williams has filed an "Emergency" motion seeking preliminary injunctive relief. ECF 5. He claims his life is in danger because he is "putting in these complaints." *Id*. at

1. He says a lieutenant (he doesn't provide a name) put a "hit on my life" because he reported her for refusing to write-up a knife attack by another inmate (he doesn't say when this happened or provide any details about it). *Id*. He seeks an "emergency transfer" to another prison due to the alleged retaliation of "one of the LT. and other officers I'm complaining about." *Id*.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Unlike when evaluating the allegations in a complaint to determine whether they state a claim for permanent injunctive relief, in assessing the merits of a claim for a preliminary injunction, courts do not have to simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the merits must be assessed as "they are likely to be decided after more complete discovery and litigation." *Id.*

Here, Williams has no chance of success on the merits of an injunctive relief claim because the complaint does not demonstrate a basis for a permanent injunction. As noted above, the events of this lawsuit occurred between June–October last year and

involve his placement in administrative segregation and the conditions there.[1] Although he says he is now in danger due to a "hit" by unspecified officers, the motion for emergency relief is vague, unrelated to the issues in this case, doesn't suggest any of the defendants are involved with the current allegation of retaliation, and doesn't provide a plausible basis for finding he will suffer irreparable harm if he is not transferred to a different prison—simply put, he hasn't carried his burden of persuasion that a preliminary injunction is warranted. The balance of equities is not in Williams's favor because "courts must afford prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (cleaned up).

For these reasons, the motion for a preliminary injunction (ECF 5) is **DENIED**. However, in the interests of justice, the court will **DIRECT** the clerk to send a copy of this order and the motion (ECF 5) to the Warden of the Indiana State Prison so that he is apprised of Williams's concerns.

SO ORDERED on November 5, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Interestingly, Williams's complaint takes issue with his placement in administrative segregation and suggests that being held there was improper. *See generally* ECF 2. His current motion takes issue with the fact that he has since been released to the general population and states that he was "suppose[d] to stay in segregation into (sic) I'm release[d]." ECF 5 at 1.

3